UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

TAMYKA M. LEE,
on behalf of herself and
all others similarly situated,

Plaintiff,

v.

POLLACK & ROSEN, P.A. and
JOSEPH F. ROSEN,

Defendants.
_________________________________________/

**CLASS ACTION COMPLAINT**
**JURY DEMAND**

1. Plaintiff Tamyka M. Lee alleges Defendants Pollack & Rosen, P.A. and Joseph F. Rosen violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") by failing to provide notification of the right to request validation of the alleged debt.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendants are located into this District.

**PARTIES**

3. Plaintiff Tamyka M. Lee is a natural person, and citizen of the State of Florida, residing in Hollywood, Florida.

4. Defendant, Pollack & Rosen, P.A., is a professional association and citizen of the State of Florida with its principal place of business at North Tower Suite 450, 800 Douglas Road, Coral Gables, Florida 33134.

5. Defendant Joseph F. Rosen is a lawyer and a principal of the law firm Pollack & Rosen, P.A. and is located at North Tower Suite 450, 800 Douglas Road, Coral Gables, Florida 33134.

6. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendants regularly collects or attempts to collect debts for other parties.

8. Defendants are "debt collectors" as defined in the FDCPA.

9. Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

10. Plaintiff Tamyka M. Lee incurred an alleged debt to Memorial Regional Hospital for medical services which was a transaction incurred for personal, family or household purposes. (Hereinafter, "Debt").

11. Memorial Regional Hospital is a part of Memorial Healthcare System, which includes the following hospitals: Memorial Regional Hospital, Memorial Regional Hospital South, Joe DiMaggio Children's Hospital, Memorial Hospital West, Memorial Hospital Miramar and Memorial Hospital Pembroke.

12. Defendants Pollack & Rosen, P.A. and Joseph F. Rosen sought to collect Plaintiff's alleged Debt by sending here a letter dated April 26, 2016, attached hereto as Exhibit A.

13. Exhibit A states in pertinent part:

> Unless you dispute the validity of this debt, or any portion thereof within (30) days of receipt of this notice, our office will assume the debt is valid. If you notify us in writing within the thirty (30) day period that the debt, or any portion thereof, is disputed, we will, upon written request within thirty (30) days after receipt of notice, provide you with the name and address of the original creditor, if different from the current creditor.

14. Exhibit A did not include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

15. Exhibit A concludes with the typewritten signature of Joseph F. Rosen, Esq.

16. Defendant Rosen participated in the creation of the content of Exhibit A and when it was to be sent.

17. Exhibit A is a "communication" as defined by 15 U.S.C. §1692a(2).

18. Defendants regularly send lend letters in the form of Exhibit A to collect obligations incurred for medical services.

**COUNT I**

## CLASS ACTION ALLEGATIONS

19. Plaintiff incorporates the foregoing paragraphs.

20. This action is brought on behalf of one FDCPA class.

21. The class is defined as:

a. all natural persons to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit A, to a mailing address located within the State of Florida,

b. in an attempt to collect a debt arising from medical care at Memorial Healthcare System, including Memorial Regional Hospital, Memorial Regional Hospital South, Joe DiMaggio Children's Hospital, Memorial Hospital West, Memorial Hospital Miramar and Memorial Hospital Pembroke,

c. during the one-year period prior to the filing of the complaint.

22. Plaintiff alleges on information and belief based on Defendants' use of letters in the form of Exhibit A that the class is so numerous that joinder of all members is impractical.

23. There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members. Each purported class member was sent a letter in the form of Exhibit A by Defendants. The principal issues are:

a. whether Defendants' letters in the form of Exhibit A violate the FDCPA

b. whether Defendants are debt collectors.

24. The claims of Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

25. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff has retained counsel experienced in handling actions involving unlawful debt collection practices under the FDCPA and class actions. Neither Plaintiff nor her counsel have any interest which might cause them not to vigorously pursue this action.

26. Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate in that:

a. The questions of law or fact common to the members of the classes predominate over any questions affecting an individual member.

b. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**VIOLATIONS OF THE FDCPA 15 U.S.C. §§ 1692g(a)(4), 1692e, AND e(10) BROUGHT BY PLAINTIFF INDIVIDUALLY AND ON BEHALF OF THE CLASS**

27. PLAINTIFF repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

28. Debt collectors are required in their initial communication, or within five (5) days thereof, to include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector pursuant to 15 U.S.C. § 1692g(a)(4).

29. Debt collectors are forbidden from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" pursuant to 15 U.S.C. § 1692e.

30. Debt collectors are forbidden from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer pursuant to 15 U.S.C. § 1692e(10).

31. Exhibit A was Defendants' initial communication to Plaintiff.

32. Exhibit A did not include a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector..

33. Therefore, Defendants violated 15 U.S.C. § 1692g(a)(4) as well as 1692e and e(10).

34. As a result of the FDCPA violations by Defendants, Plaintiff and the class are entitled to an award of statutory damages.

WHEREFORE, Plaintiff Tamyka M. Lee requests that the Court enter judgment in favor of herself and the class and against Defendants Pollack & Rosen, P.A. and Joseph F. Rosen for:

a. Certification of this matter to proceed as a class action;

b. Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B) for the FDCPA class;

c. Attorney's fees, litigation expenses and costs of suit; and

d. Such other or further relief as the Court deems proper.

**JURY DEMAND**

Plaintiff Tamyka M. Lee demands trial by jury.

Respectfully submitted,

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
donyarbrough@mindspring.com

s/Donald A. Yarbrough
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, IL 60602
(312) 372-8822
rand@horwitzlaw.com

(Mr. Bragg will be seeking admission by separate motion)

*Attorneys for Plaintiff*