IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-60610-CV-UNGARO

TAMYKA M. LEE,
on behalf of herself and
all others similarly situated,

     Plaintiff,

v.

POLLACK & ROSEN, P.A., and
JOSEPH F. ROSEN,

     Defendants.
_____/

## JOINT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND PRELIMINARY DETERMINATION OF CLASS ACTION STATUS

Plaintiff Tamyka M. Lee ("Plaintiff") and Pollack & Rosen, P.A. and Joseph F. Rosen ("Defendants"), move this Court, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for preliminary approval of this Class Action Settlement.

1. Plaintiff brings this case as a class action against Defendants Pollack & Rosen, P.A. and Joseph F. Rosen ("Defendants") for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Plaintiff has averred that it was the policy and practice of Defendants to send, or caused to be sent, letters in the form of Exhibit A attached to the Complaint (Doc. 1-1) which failed to inform the recipient that if the obligation was disputed in writing within the thirty days of receipt, the debt collector would obtain verification of the debt or a copy of a judgment and provide a copy of such verification or judgment to the consumer in violation of the FDCPA, 15 U.S.C. §§ 1692e, e(10), and g(a).  Defendants have denied the allegations.

3. The parties have now reached a Settlement Agreement, subject to approval from this Court. The Settlement Agreement is attached hereto as Exhibit 2.

4. Defendant represents that there are approximately 2898 Class Members. (Exhibit 2 at ¶ 1(D)).

5. The parties now seek preliminary approval of this Class Action Settlement Agreement and asks that the Court make a preliminary determination on class certification. The Florida-wide Class is defined as (i) all natural persons to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit A, to a mailing address located within the State of Florida, (ii) in an attempt to collect a debt arising from medical care at Memorial Healthcare System, including Memorial Regional Hospital, Memorial Regional Hospital South, Joe DiMaggio Children's Hospital, Memorial Hospital West, Memorial Hospital Miramar and Memorial Hospital Pembroke, (iii) during the one-year period prior to the filing of the complaint.

The date range consists of letters that were sent from March 27, 2016 through March 27, 2017 ("Class Period").

6. The Settlement Agreement is fair, reasonable, and in the best interest of the class and provides, *inter alia*, the following relief:

(a) Defendants will make a settlement payment to the Class in the amount of $13,785.00 (1% of Defendants' net worth) to be paid on a *pro rata* basis to each Class Member who does not opt-out and to whom the Class Notice was not returned as undeliverable (Exhibit 2 at ¶ 16(A));

(b) Defendants will pay the costs of notice and administration of the settlement (Exhibit 2 at ¶ 6);

  (c) Notice of the class settlement will be mailed to the class of 2898 individuals who were mailed the challenged letter during the Class Period (Exhibit 2 at ¶ 7);

  (d) Defendant, Pollack & Rosen, P.A., will pay Plaintiff Tamyka M. Lee $1,000.00 for her individual claims under the FDCPA. Defendant, Joseph F. Rosen, will pay Plaintiff Tamyka M. Lee $1,000.00 for her individual claims under the FDCPA. Defendants will jointly pay Plaintiff a $2,000.00 service award for her services as Class Representative; (Exhibit 2 at ¶ 16 (D));

  (e) Defendants will pay approved Class Counsel fees and expenses determined by the Court (Exhibit 2 at ¶ 17);

  (f) Any undistributed funds are to be awarded as a *cy pres* remedy to Legal Aid of Miami-Dade County for use in consumer representation and advocacy  (Exhibit 2 at ¶ 16(C)); and

  (g) Plaintiff and the Class will release Defendants from all claims as set forth in   the Settlement Agreement. (Exhibit 2 at ¶ 15).

  7. All requirements for class certification under Rule 23 of the Federal Rules of Civil Procedure are satisfied here.

  8. The Class is so numerous that joinder of all members is impractical. Defendants have attested to 2898 putative Class Members and will provide a list with the names and last known addresses upon preliminary approval.

  9. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class Members. The Settlement Class members have identical legal claims based upon a standardized collection letter sent by Defendants to Plaintiff and each Settlement Class Member.

10. Plaintiff's claims are typical of the claims of the members of the Class. All of the claims are based on the same factual and legal theories, *i.e.* -- each Class Member received the same form of collection communication from Defendants.

11. Plaintiff will fairly and adequately protect the interests of the Class. She is committed to vigorously litigating this matter and has retained counsel experienced in prosecuting consumer class actions. (*See* Declarations of Tamyka M. Lee, Donald A. Yarbrough and O. Randolph Bragg). Pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, a class action is a superior method for the fair and efficient adjudication of this controversy in that:

    a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute. 15 U.S.C. § 1692k(a)(2)(B).

    b. The interest of Class Members in individually prosecuting separate claims against Defendants is small because the maximum amount of statutory damages in an individual action is $1,000.00. 15 U.S.C. § 1692k(a); and

    c. Management of this statewide class does not present any difficulties that would impede certification.

12. Pursuant to Fed. R. Civ. P. 23(e)(4), Plaintiff proposes a Notice of Class Action Settlement in the form attached as Exhibit 4, which affords Class Members the opportunity to request exclusion and informs Class Members of their right to object to the Class Action Settlement.

13. As set forth in the attached Memorandum, Declarations of Donald A. Yarbrough, and O. Randolph Bragg, which are incorporated herein, the proposed settlement was reached after arms-length negotiations, is eminently fair, reasonable and in the best interests of the Class, and settlement is recommended by Class Counsel.

14. Defendants do not oppose this Motion.

WHEREFORE, for the reasons set forth more fully in the within Memorandum of Law, contemporaneously filed Declarations and Affidavit, and for good cause shown, the parties submit that this settlement is fair, reasonable and adequate, reached after substantial litigation and protracted arms-length negotiation, and is in the best interest of the Class. Preliminary approval should be granted to permit Notice to issue to the Class.

By: /s/ Donald A. Yarbrough, Esq.
**DONALD A. YARBROUGH, ESQ.**
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658
P.O. Box 11842
Fort Lauderdale, FL 33339
T: (954) 537-2000
F: (954) 566-2235
E: donyarbrough@mindspring.com
*Attorney for Plaintiff*

/s/ Robin Corwin Campbell, Esq.
**KAPLAN ZEENA LLP**
James M. Kaplan, Esq.
Florida Bar No. 921040
Robin Corwin Campbell, Esq.
Florida Bar No. 327931
2 South Biscayne Boulevard, Suite 3050
Miami, Florida 33131
T: (305) 530-0800
F: (305) 530-0801
E: robin.campbell@kaplanzeena.com
*Attorneys for Defendants*

/s/ O. Randolph Bragg, Esq.
HORWITZ, HORWITZ &
& ASSOCIATES
O. Randolph Bragg, Esq.
25 East Washington Street
Suite 900
Chicago, IL 60602
T: (312) 372-8822
E: rand@horwitzlaw.com
*Attorneys for Plaintiff*

/s/ Melanie S. Weseman, Esq.
POLLACK & ROSEN, P.A.
Florida Bar No. 506451
224 Datura Street
Suite 918
West Palm Beach, FL 33401
T: (561) 653-5573
F: (561) 653-8252
E: melaniew@pollackrosen.com
*Attorney for Defendants*