**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 17-60610-CV-UNGARO**

TAMYKA M. LEE,
on behalf of herself and
all others similarly situated,

      Plaintiff,
v.

POLLACK & ROSEN, P.A., and
JOSEPH F. ROSEN,

      Defendants.
_____/

## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), dated October 3, 2017, is entered into between Plaintiff, Tamyka M. Lee ("Plaintiff" or "Class Representative"), individually and on behalf of the "Class Members" (as defined below), and Defendants Pollack & Rosen, P.A. and Joseph F. Rosen ("Defendants"). This Agreement is intended by Defendants and Plaintiff, on behalf of herself and the Class Members (hereinafter collectively referred to as the "Parties"), to fully, finally, and forever resolve, discharge, and settle the "Released Claims" (as defined below) in favor of the "Released Parties" (as defined below), upon and subject to the terms and conditions contained herein.

WITNESSETH:

WHEREAS, on March 27, 2017, Plaintiff filed a Class Action Complaint (hereinafter referred to as the "Lawsuit"), asserting claims against Defendants Pollack & Rosen, P.A. and

1

Joseph F. Rosen under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and Plaintiff was named as the sole Plaintiff and Class Representative (Doc. 1);

WHEREAS, on April 24, 2016, Defendants filed their Answer and Affirmative Defenses in the Lawsuit (Doc. 17);

WHEREAS, the Parties have exchanged written discovery in this litigation;

WHEREAS, the Parties desire and intend to settle and resolve the claims asserted in the Lawsuit on a class-wide basis;

WHEREAS, the Parties wish to avoid the expense and uncertainty of continued litigation;

WHEREAS, the Parties believe that settlement by way of this Agreement is in their best interest;

WHEREAS, counsel for the Class Members has conducted an evaluation of the claims to determine how best to serve the interests of the Class Members;

WHEREAS, counsel for the Class Members believes, in view of the costs, risks, and delays and potential benefit of continued litigation and perhaps additional appeals balanced against the benefits of settlement to the Class Members, that the class settlement as provided in this Agreement is in the best interest of the Class Members and is a fair, reasonable, and adequate resolution of the Lawsuit;

WHEREAS, prior to entering into this Agreement, counsel for the Parties engaged in motion practice and discovery;

WHEREAS, the Parties desire and intend to seek court approval of the proposed class-wide settlement of the Lawsuit as set forth in this Agreement and, upon court approval, to seek a Final Order and Judgment implementing this Agreement and dismissing with prejudice the claims of the Plaintiff and Class Members as set forth herein;

WHEREAS, the Parties and their counsel agree to recommend approval of this Agreement to the Court and to any regulatory authority responding to the proposed settlement per The Class Action Fairness Act of 2005 (hereinafter referred to as "CAFA"), 28 U.S.C. § 1715; and

WHEREAS, the Parties agree to undertake all steps necessary to effectuate the terms and purposes of this Agreement, to secure the Court's approval of this settlement.

WHEREFORE, in consideration of the promises, representations, and warranties set forth, the Parties stipulate and agree as follows:

1. DEFINITIONS - The following definitions shall apply to this Agreement:

    A. "Effective Date" shall mean the first date after "Final Judgment Date" (as defined below) and after Coast fulfills its obligations required under Paragraph 15 of this Agreement.

    B. "Final Judgment Date" shall mean the day upon which the Final Order and Judgment becomes "Final."  The Final Order and Judgment shall become "Final" upon the upon the occurrence of the following events: (1) the Court enters a final approval order which: (a) approves this Agreement as fair, reasonable, and adequate to the Settlement Class; (b) finds that this Agreement is fair and made in good faith; and (c) dismisses with prejudice the claims alleged by Plaintiff and the Settlement Class in the Complaint; and, (2) (a) the expiration of thirty (30) days from the date that the final approval order is issued by the Court; or (b) if the final approval order is appealed, the expiration of thirty (30) days after the final disposition of any such appeal, which final disposition affirms the Court's final approval order and orders the consummation of the settlement in accordance with the terms and provisions of this Agreement.

C. "Subject Letter" shall mean a letter sent by Defendant in substantially the form of the letter dated on or about April 26, 2016, attached to Plaintiff's Class Action Complaint as Exhibit A. (Doc. 1-1).

D. "Class Members" shall mean (i) all natural persons to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit A, to a mailing address located within the State of Florida, (ii) in an attempt to collect a debt arising from medical care at Memorial Healthcare System, including Memorial Regional Hospital, Memorial Regional Hospital South, Joe DiMaggio Children's Hospital, Memorial Hospital West, Memorial Hospital Miramar and Memorial Hospital Pembroke, (iii) during the one-year period prior to the filing of the complaint. Defendants represent there are approximately 2898 Class Members.

E. "Released Claims" shall mean any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorney's fees of any nature whatsoever, whether based on any federal law (including the FDCPA), state law, common law, or of any other type or form (whether in contract, tort, or otherwise, including statutory, common law, property, and equitable claims), which Plaintiff or any Class Member has arising out of their receipt of or Defendants sending of the Subject Letter.

F. "Released Parties" shall mean Joseph F. Rosen, Pollack & Rosen, P.A., and each of its past or present directors, principals, shareholders, officers, employees, agents, insurers, attorneys, and any related or affiliated company, including any parent, subsidiary, predecessor, or successor company, and all assigns, licensees, divisions, clients, and any entities directly or indirectly involved in the Lawsuit, and all of their subsidiary entities, and any other related entity.

2. <u>CLASS CERTIFICATION</u> - Concurrent with seeking preliminary approval of the settlement, counsel for the Plaintiff shall seek certification for settlement purposes of the Class defined in 1(D) above.

3. <u>CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT</u> - For settlement purposes, and subject to Court approval, Plaintiff Tamyka M. Lee is appointed as the Class Representative for the Class Members and Donald A. Yarbrough and O. Randolph Bragg of the law firm Horwitz, Horwitz & Associates are appointed as counsel for the Class (hereinafter referred to as "Class Counsel").

4. <u>ORDER OF PRELIMINARY APPROVAL</u> - On or before September ___, 2017, counsel for the Plaintiff shall request the Court enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached to their Joint Motion for Class Certification and Preliminary Approval of Class Settlement as **Exhibit A**. Defendants shall join in the relief sought in the motion for preliminary approval.

5. <u>FINAL ORDER AND JUDGMENT</u> - If the Court preliminarily approves the settlement, and all other conditions precedent to the settlement are satisfied, counsel for the Parties shall jointly request the Court enter a Final Order and Judgment in substantially the form attached to their Joint Motion for Class Certification and Preliminary Approval of Class Settlement as **Exhibit B.**

6. <u>ADMINISTRATION AND NOTIFICATION PROCESS</u> - Defendants shall fund fully the administration of the settlement and class notice. The Class Action Administrator shall be First Class, Inc. of Chicago, IL. These payments to the Class Action Administrator are in addition to and separate and apart from the settlement fund payable to the Class Members as set forth in Paragraph 16(A) and will not reduce or otherwise affect the payment to the Class.

7.      The Class Administrator shall, as expeditiously as possible, but not to exceed 30 days from the Court's entry of the Order of Preliminary Approval of Class Action Settlement, provide notice of the settlement to the Class Members as follows:

　　　A.      <u>Written Notice</u> - The Class Administrator shall send via U.S. mail a written notice of the proposed class action settlement to each Class Member in substantially the form attached to their Joint Motion for Class Certification and Preliminary Approval of Class Settlement as **Exhibit C**.

　　　B.      <u>Address Updating/Mail Returns</u> - Before sending the written notice required by the previous subparagraph, the Class Administrator shall confirm and, if necessary, update the addresses for the Class Members through the standard methodology that the administrator currently uses to update addresses.  Defendants' obligation to provide notice of the proposed settlement will be considered fulfilled upon the mailing of the written notices by the Class Administrator. The Class Administrator will forward any notices that are returned with a forwarding address and shall update the Class Member address list with all forwarding addresses.

8.      <u>REQUESTS FOR EXCLUSION AND OBJECTIONS</u> - The Settlement Administrator shall administer any and all requests for exclusion, and promptly send a copy of any exclusion request to counsel for the parties for appropriate docketing.

9.      Any Class Member who desires to be excluded from the class must send a written request for exclusion to the third-party administrator with a postmark date no later than 60 days from mailing of Class Notice. The Class Administrator shall provide a list of the names of each Class Member who submitted a timely exclusion to counsel for Defendants and Class Counsel promptly. A copy of this list will be filed with the Court, along with the Plaintiffs Motion for Final Approval of Class Action Settlement.

10. In the written request for exclusion, the Class Member must set forth his or her full name, address, telephone number and email address (if available), along with a statement that he or she wishes to be excluded.

11. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of this Agreement.

12. RIGHT OF APPEARANCE: Pursuant to Rule 23(c)(2)(B)(iv) of the Federal Rules of Civil Procedure, a class member may enter an appearance through his or her attorney, provided that such Person files an appearance with the Court with a postmark date no later than 60 days from mailing of Class Notice.

13. OBJECTIONS. Any Class Member who intends to object to the fairness of this settlement must file a written objection with the Clerk of the Court within 60 days from the mailing of Notice of proposed class settlement. Further, any such Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for Defendant. In the written objection, the Class Member must state: his or her full name, address, telephone number and email address (if available); the reasons for his or her objection; and, whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.

14. Any Class Member who does not file a valid and timely objection to the settlement shall be barred from objecting to the settlement.

15. RELEASES - As of the Effective Date, Plaintiff and the Class Members discharge the Released Parties from the Released Claims.

16. SETTLEMENT CONSIDERATION - In consideration for the foregoing releases, the Parties agree to the following:

A. <u>Settlement Checks to Class Members</u> - Within ten (10) days of final approval, Defendants will pay $13,785.00 (1% of their net worth) to the Class Administrator to create the Settlement Fund. The Settlement Fund of $13,785.00 will be paid *pro rata* each to the Class Members (a) who have not excluded themselves from the class and (b) whose class notice is not returned as undeliverable and without a forwarding address. Any sum not deliverable to a Class Member shall be distributed as a Cy Pres Award described in section C below. No funds shall revert to Defendants.

B. The settlement checks provided to the Class Members pursuant to this Agreement shall be sent via U.S. mail no later than 30 days after Final Judgment. Defendants' obligations per this paragraph will be considered fulfilled upon the mailing of the settlement checks, regardless of whether any settlement check is received, returned, or cashed, *except* that Defendants will be obligated to forward all settlement checks returned with a forwarding address to such forwarding addresses. Each settlement check will be negotiable for a period of 90 days after it is mailed, and the checks shall prominently so state.

C. *Cy Pres* Award - Any residual settlement funds (*e.g.*, funds from settlement checks un-cashed (Class Members cannot be located, or checks not cashed 90 days after the check date, etc.) shall be awarded to Legal Aid of Miami Dade County for use in consumer representation and advocacy.

D. <u>Class Representative Service Award and Settlement</u> - Within thirty (30) days after Final Judgment, Defendants shall pay Plaintiff $1,000.00 each as settlement for her individual FDCPA claim for the total amount of $2,000.00, 15 U.S.C. § 1692k(a)(2)(B)(i). Additionally, in recognition of Plaintiffs services as the Class Representative, Defendants shall pay Plaintiff a $2,000.00 service award, subject to approval of the Court. These payments to the

8

Class Representative are in addition to and separate and apart from the settlement fund payable to the Class Members as set forth in Paragraph 16(A) and will not reduce or otherwise affect the payment to the Class.

17.     ATTORNEY'S FEES, COSTS, AND EXPENSES – Defendants agree that Plaintiff was the successful party and will pay reasonable attorneys' fees and costs to Plaintiff's counsel pursuant to 15 U.S.C. § 1692k(a)(3). Plaintiff's reasonable attorneys' fees and costs are to be determined by the Court, absent an agreement by the parties. No later than thirty (30) calendar days after entry of the Preliminary Approval Order, Class Counsel will apply to the Court for an award of attorneys' fees and costs pursuant to Rule 23(h). Counsel for the Defendants shall have the right to oppose the reasonableness of said Class Counsel's application in accordance with applicable law. Said payment will be made to Class Counsel within 30 days after entry of the Final Order approving Class Counsel's application for attorneys' fees and costs. The court's order regarding Class Counsel's request for attorneys' fees, costs, and expenses, and Plaintiff's request for an incentive award, will not affect the finality of the class action settlement.  These payments to Class Counsel are in addition to and separate and apart from the settlement fund payable to the Class Members as set forth in Paragraph 16(A) and will not reduce or otherwise affect the payment to the Class.

18.    TERMINATION - After completing good faith negotiations, Plaintiff and Defendants shall each have the right to terminate this Agreement by providing written notice to the other within 7 days of:

    A.     The Court's refusal to enter an Order of Preliminary Approval of Class Action Settlement in substantially the form attached as Exhibit A;

  B. The Court's refusal to approve the settlement following notice to the Class Members and the fairness hearing; or

  C. The Court's refusal to enter a Final Order.

19. If either Plaintiff or Defendants terminates this Agreement as provided herein, the Agreement shall be of no force or effect and the Parties' rights and defenses shall be restored, without prejudice to their respective positions as if this Agreement had never been executed.

20. <u>MISCELLANEOUS PROVISIONS</u> - Any exhibits to this Agreement are an integral part of the settlement and are expressly incorporated herein as part of this Agreement.

21. This Agreement is for settlement purposes only. The Parties acknowledge that this Agreement is not an admission of wrongdoing, negligence, or liability by Defendants. This Agreement shall not be offered or be admissible against Defendants, or cited or referred to in any action or proceeding, except in an action or proceeding brought to enforce its terms.

22. No representations, warranties, or inducements have been made to any of the Parties, other than those representations, warranties, and covenants contained in this Agreement.

23. This Agreement contains the entire agreement between the Parties and supersedes any and all other agreements between the Parties, including any and all other mediation and settlement agreements. The terms of this Agreement are contractual.

24. This Agreement shall be interpreted in accordance with Florida law.

25. Any dispute, challenge, or question relating to this Agreement shall be heard by this Court.

26. The Parties shall request that the Court retain continuing and exclusive jurisdiction over the Parties to this Agreement, including the Plaintiff and all Class Members, and over the administration and enforcement of this Agreement.

27. This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

28. In the event that any of the provisions of this Agreement are held invalid or unenforceable for any reason, such invalidity or unenforceability shall not affect other provisions of this Agreement if Defendants and Plaintiff mutually elect to proceed as if the invalid or unenforceable provision had never been included in the Agreement.

29. This Agreement shall be deemed to have been drafted jointly by the Parties and, in construing and interpreting this Agreement, no provision of this Agreement shall be construed or interpreted against any party because such provision, or this Agreement as a whole, was purportedly prepared or requested by such party.

30. This Agreement may be signed in counterparts. The separate signature pages executed by the Parties and their counsel may be combined to create a document binding on all of the Parties and together shall constitute one and the same instrument.

IN WITNESS WHEREOF, the Parties and their duly authorized attorneys have caused this Agreement to be executed this 3 day of October 2017.

s/ Tamyka M. Lee
Tamyka M. Lee, Plaintiff


Approved as to form by counsel:

s/ O. Randolph Bragg
O. Randolph Bragg
HORWITZ, HORWITZ & ASSOCIATES
25 East Washington Street, Suite 900
Chicago, Il 60602
(312) 372-8822
rand@horwitzlaw.com

Attorneys for Plaintiff

Approved as to form by counsel:

s/ Donald A. Yarbrough
DONALD A. YARBROUGH, ESQ.
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone: (954) 537-2000
Facsimile: (954) 566-2235
don@donayrbrough.com
Attorneys for Plaintiff

s/ Joseph F. Rosen
Pollack & Rosen, P.A., Defendant
Joseph F. Rosen, President

s/ Joseph F. Rosen
Joseph F. Rosen, P.A., Defendant

Approved as to form by counsel:

s/ Robin Corwin Campbell
**Robin Corwin Campbell**
Kaplan Zeena LLP
2 South Biscayne Blvd.
One Biscayne Tower, Suite 3050
Miami, FL 33131
305-530-0800
Fax: 305-530-0801
Email: robin.campbell@kaplanzeena.com
Attorneys for Defendants