UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 17-60610-Civ-Ungaro/Otazo-Reyes

TAMYKA M. LEE,
on behalf of herself and
all others similarly situated,

    Plaintiff,

v.

POLLACK & ROSEN, P.A. and
JOSEPH F. ROSEN,

    Defendants.
_____/

## FINAL APPROVAL ORDER

Plaintiff Tamyka M. Lee brought the instant action against Defendants Pollack & Rosen, P.A. and Joseph F. Rosen for alleged violations of the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* On January 5, 2018, the Preliminary Approval Order (Doc. No. 52) regarding this class action settlement was entered ("Preliminary Approval Order") which, among other things, conditionally certified a class as defined in the Complaint for settlement purposes only and directed notice of the Settlement to the Class. The parties now move jointly for final approval of their class action Settlement. Having reviewed all papers submitted on this matter, and good cause appearing, it is HEREBY ORDERED, ADJUDGED and DECREED as follows:

1. For purposes of this Order, the Court adopts and incorporates the definitions set forth in the Class Action Settlement Agreement ("Settlement Agreement").

2. The Court has jurisdiction over the subject matter of this action and over all parties to the action, including all Class Members.

3. The Court grants final certification to the Class for settlement purposes only and finds that the requirements of Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution for the maintenance of a class action have been satisfied in all respects.

4. The Court certifies the Settlement Class defined as: (i) all natural persons to whom Defendants sent, or caused to be sent, a letter in the form of Exhibit A[1], to a mailing address located within the State of Florida, (ii) in an attempt to collect a debt arising from medical care at Memorial Healthcare System, including Memorial Regional Hospital, Memorial Regional Hospital South, Joe DiMaggio Children's Hospital, Memorial Hospital West, Memorial Hospital Miramar and Memorial Hospital Pembroke, (iii) during the one-year period prior to the filing of the complaint. Defendants represent there are approximately 2898 Class Members.

5. The Court makes the following findings:

    (a) The Class is so numerous that joinder of all members is impracticable;

    (b) There are questions of law or fact common to the Class, and such questions predominate over questions affecting only individual Class Members;

---

[1] The Class Notice referred to herein was filed with the Court at DE 48-2 and, after hearing, was preliminarily approved by the Court at DE 52.

(c) The claims of the named Plaintiff is typical of those of the proposed Class;

(d) The named Plaintiff is capable of fairly and adequately protecting the interests of the above-described Class in connection with the proposed Settlement Agreement;

(e) For purposes of settlement, a settlement with the above-described Class is superior to other available methods for the fair and efficient resolution of the claims of the Class.

6. The Court designates Plaintiff Tamyka M. Lee as the Class Representative.

7. The Court appoints O. Randolph Bragg of Horwitz, Horwitz & Associates, LTD. and Donald A. Yarbrough as Class Counsel.

8. Notice of the Settlement was disseminated to the Class via first class mail to the approximately 2,837 Class Members as set forth in the Settlement Agreement and the Preliminary Approval Order. See Affidavit of the Class Administrator's representative, Bailey Hughes, (DE 65). The notice fully informed the Class of their rights with respect to the Settlement Agreement, including the right to be excluded and to object to the Settlement Agreement, the right to enter an appearance, and the proposed statutory damages and incentive awards to the named Plaintiffs. The notice given to the Class in this action is the best practicable notice under the circumstances and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedures and the Due Process Clause of the United Stated Constitution.

9. Pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.*, ("CAFA") Defendants have notified the appropriate state and federal officials of the Settlement. The Court has set aside more than 90 days to receive and consider any comment or objection by any government entity in response to the CAFA notices provided by Defendants.

10. The Court finds that the Settlement Agreement is fundamentally fair, adequate, and reasonable. Specifically, the legal and factual posture of this case and the fact that the Settlement was the result of arms' length negotiations between experienced counsel support this finding. No objections have been filed with the Court. Accordingly, the Settlement Agreement is hereby finally approved in all respects.

11. Plaintiff, each member of the Class, and each of the Releasing Persons (as defined in the Class Action Settlement Agreement (DE 34-2)) are deemed to have, and by operation of this Order shall have unconditionally, released the Released Parties (as defined in the Settlement Agreement (DE 34-2)) from each and every claim they have or may have asserted against the Released Parties in this Lawsuit as set forth in the Settlement Agreement and are forever barred and enjoined from prosecuting any claim they have or may have against the Released Parties in this Lawsuit.

13. Named Plaintiff, each member of the Class, and each of the Releasing Persons' claims are dismissed with prejudice as to the Released Parties.

14. Named Plaintiff's individual claims against Defendants are hereby dismissed with prejudice.

15. Defendants shall pay a total of $13,785.00 to the Class on a *pro* rata basis pursuant to the terms of the Settlement Agreement.

16. Defendants shall pay for the cost of class notice, preparation and distribution of checks to the class members, claims administration, etc. as set forth in the Settlement Agreement.

17. Plaintiff is the successful party for the purpose of determining the amount of the award of reasonable attorneys' fees, costs and expenses. The Court adopts the Report and Recommendation filed April 3, 2018 (DE 63). Defendants shall pay attorneys' fees, costs and expenses in the amount of $39,000.00 to Plaintiff's counsel.

18. The Court approves Legal Aid of Miami Dade County, a 501(c)(3) non-profit organizations, as the recipient of the *cy pres* award which shall consist of all monies remaining from the checks from the Settlement Fund which are not cashed within 90 days of the date of issuance. The *cy pres* award shall be used for consumer representation and/or education.

19. Plaintiff is awarded $1,000.00 as statutory damages from each Defendant pursuant to the FDCPA and a total of $2,000.00 for her services as the class representative in this action to be paid directly by Defendants.

20. The Court hereby retains exclusive and continuing jurisdiction over the parties and the Class Members for all matters relating to this litigation, including the administration, interpretation, effectuation or enforcement of this Order.

DONE AND ORDERED in the Southern District of Florida this __8__ day of May, 2018.

_____
URSULA M. UNGARO
United States District Judge

cc: All counsel of record